452

(No. 2611—)

WILLIAM J. PENTOSKEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 1, 1939.*

WM. MARTIN GARVEY, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant, William K. Pentoskey, was a guard at the Illinois State Penitentiary at Stateville, Illinois. On September 10, 1934 while performing his usual duties as a guard claimant was seized by three inmates who were attempting to escape. In the struggle one of such inmates cut one of claimant's nostrils with a knife and he received a bullet wound in the right forearm, also a stab wound on the left side of the chest and two other cuts in his back. The complaint alleges that the knife wound in plaintiff's nostril left a scar about one-half inch in length, but there is no evidence in the record in support of this. The complaint does not specifically seek an award under the Workmen's Compensation Act for either temporary total, partial permanent or specific disability, but seeks an allowance of his claim for Ten Thousand ($10,000.00) Dollars in equity and good conscience for pain suffering and physical difficulties in performing his duties subsequent to said attack. There is no bill of particulars attached to the complaint and the latter is not sworn to as required under the rules of court.

The record herein discloses that claimant on the occasion in question apparently conducted himself in a gallant and brave manner. It further discloses that his injuries incapacitated him for twenty (20) days, during which time he was paid his full salary. That thereafter he returned to work and continued to work up to the time of the taking of the

testimony. On March 22, 1937 he was ordered transferred to the Menard Branch of the Penitentiary, but failed to report for duty at that Institution, and according to the official record is no longer employed by the State. There is nothing in the record upon which to grant an award for temporary total disability or for disfigurement or for specific loss. As to total permanent disability, the evidence shows that he returned to his employment at the end of twenty (20) days after the accident and continued therein as above stated to the time of the taking of the testimony. According to his testimony there was no change in his work since the date of his injury, and his discontinuance of such work thereafter was apparently voluntary upon his part, as he was notified to report for duty at Menard and failed to do so. The only evidence that would tend toward authorizing any partial permanent disability award is that of Dr. Frank A. Chmelik, a Doctor at the State Penitentiary, who testified that after an experience such as claimant had a fear is apt to develop in such person causing him to be of a nervous strain.

Dr. Emil J. Viscocil testified that he had made one examination of claimant about a week prior to the taking of evidence in the case, and that he found the claimant to be suffering from an umbilical hernia and a left sacro-illiac sprain and of a nervous disposition. That such condition was apparently caused by an injury, and that such condition had the appearance of not having originated in the past few months. That the direct result of all of his condition would be one of nervousness.

No award in the nature of a reward for claimant's conduct can be made by the court. The rule has repeatedly been announced that,

"Before a claimant can have an award against the State, he must show that he comes within the provision of some law making the State liable to him for the amount claimed. If he cannot point to some law giving him the right to an award he cannot invoke the principal of equity to secure such award."

England vs. State, 9 C. C. R. 59.
Crabtree vs. State, 7 C. C. R. 207.

As no sufficient proof appears in the record upon which an award could be based, the claim is hereby denied and the same is dismissed.